# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

TIMOTHY JONES,

        Petitioner,    :    Case No. 3:20-cv-485

  - vs -                             District Judge Michael J. Newman
                                       Magistrate Judge Michael R. Merz

EDWARD SHELDON, Warden,
  Mansfield Correctional Institution,

                                          :
        Respondent.

## TRANSFER ORDER

This is a habeas corpus action brought *pro se* by petitioner Timothy Jones pursuant to 28 U.S.C. § 2254 to obtain relief from his conviction in the Common Pleas Court of Clark County, Ohio, on two counts of aggravated murder with a firearm specification and one count of having weapons under disability (Petition, ECF No. 1, PageID 1).

The Petition was initially filed in the Northern District of Ohio in July 2020 and transferred to this Court on December 7, 2020 (ECF No. 4). Since the county in which the conviction occurred is among the countries served by this location of Court, venue is proper at Dayton.

Judge John Adams of the Northern District did not perform an initial screening review of the Petition, so that review falls to this Court. Under Rule 4 of the Rules Governing § 2254 Cases, the clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the

1

petition and direct the clerk to notify the petitioner. The Clerk has accordingly randomly assigned the case to District Judge Michael J. Newman. As a collateral attack on a criminal judgment, the case was automatically referred to the undersigned under General Order Day 13-01.

Although Rule 4 authorizes a review of the merits of a habeas corpus Petition, the Court must first satisfy itself that it has jurisdiction to proceed. Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases which are within the judicial power of the United States as defined in the United States Constitution and as further granted to them by Act of Congress. *Finley v. United States*, 490 U.S. 545, 550 (1989); *Aldinger v. Howard*, 427 U.S. 1, 15 (1976). Therefore there is a presumption that a federal court lacks jurisdiction until it has been demonstrated. *Turner v. President, Directors and Co. of the Bank of North America,* 4 U.S. 8 (1799). A federal court is further obliged to note lack of subject matter jurisdiction *sua sponte*. *Capron v. Van Noorden*, 6 U.S. 126 (1804); *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 152 (1908); *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.,* 556 F.3d 459, 465 (6th Cir. 2009); *Clark v. United States*, 764 F. 3d 653 (6th Cir. 2014).

"Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle,* 74 U.S. (7 Wall.) 506, 514, 19 L. Ed. 264 (1868)).

"[T]he power to award the writ [of habeas corpus] by any of the courts of the United States, must be given by written law," not common law. *Hueso v. Barnhart*, 948 F.3d 324, 326-327 (6th Cir. 2020), quoting *Ex parte Bollman*, 8 U.S. 75, 94, 2 L. Ed. 554 (1807). 28 U.S.C. § 2241, which allows federal courts to grant "[w]rits of habeas corpus," dates to the Judiciary Act of 1789. *Id.* citing *McCleskey v. Zant*, 499 U.S. 467, 477-78, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991). But

2

that statutory grant has been limited by Congress in the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"). 28 U.S.C. § 2244(b) as amended by the AEDPA provides:

> (b)
>
> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B)
>> (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)
>> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>>
>> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>>
>> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that

> the application makes a prima facie showing that the application satisfies the requirements of this subsection.
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.
>
> (4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.

The initial determination of whether a petition is second or successive is to be made by the District Court in which a Petition has been filed.  *In re: Kenneth Smith*, 690 F.3d 809 (6th Cir. 2012); *In re Sheppard*, 2012 U.S. App. LEXIS 13709 (6th Cir. May 25, 2012).  Once a District Court determines that a petition is second or successive, it lacks jurisdiction to consider that petition without approval by the circuit court.  *Burton v. Stewart*, 549 U.S. 147 (2007); *Franklin v. Jenkins*, 839 F.3d 465(6th Cir. 2016).  Instead a second or successive petition must be transferred to the circuit court for its consideration of whether to grant permission to proceed *In re Sims*, 111 F.3d 45 (6th Cir. 1997).

The instant Petition is plainly second or successive.  In Case No. 3:15-cv-164, Petitioner sought relief from the same Common Pleas judgment that is at issue in this case.  See the Petition in that case, ECF No. 1, PageID 1.  This Court denied relief. *Id.* at ECF No. 50.  The Sixth Circuit then denied a certificate of appealability. *Id.* at ECF No. 59.

Because the Petition is second or successive, this Court has no authority except to transfer it to the Sixth Circuit for its consideration of whether Jones may proceed.  The Clerk is accordingly ORDERED to transfer this case to the Sixth Circuit by the means that court has directed.

IT IS SO ORDERED.

December 8, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge