# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

TIMOTHY JONES,

        Petitioner,    :    Case No. 3:20-cv-485

  - vs -                         District Judge Michael J. Newman
                                        Magistrate Judge Michael R. Merz

EDWARD SHELDON, Warden,
  Mansfield Correctional Institution,

                                  :
        Respondent.

## ORDER FOR AMENDED PETITION

       This habeas corpus case, brought *pro se* by petitioner Timothy Jones pursuant to 28 U.S.C. § 2254, is before the Court on remand from the United States Court of Appeals for the Sixth Circuit. *In re Timothy Jones*, Case No. 20-4284 (Remand Order, Apr. 30, 2021)(unpublished; copy at ECF No. 9).

       The case was initially filed in the United States District Court for the Northern District of Ohio and transferred to this Court on December 1, 2020 (ECF No. 4). Upon filing here, it was automatically referred to the undersigned under General Order Day 13-01. Upon initial review before ordering an answer, the Court found it lacked jurisdiction to consider the Petition on the merits because it was a second or successive habeas application which required prior permission from the circuit court under 28 U.S.C. § 2244 before it could proceed. Acting pursuant to *In re Sims*, 111 F.3d 45 (6th Cir. 1997), the Court transferred the case to the Sixth Circuit (Transfer Order, ECF No. 6).

This Court's finding on the second or successive question was cursory:

> The instant Petition is plainly second or successive. In Case No. 3:15-cv-164, Petitioner sought relief from the same Common Pleas judgment that is at issue in this case. See the Petition in that case, ECF No. 1, PageID 1. This Court denied relief. *Id*. at ECF No. 50. The Sixth Circuit then denied a certificate of appealability. *Id*. at ECF No. 59.

*Id.* at PageID 6. After transfer,

> Jones then filed a corrected motion for authorization to file a second or successive habeas petition, proposing to raise claims that: (1) the trial court erred by failing to give a complete jury instruction on voluntary manslaughter; (2) the trial court's four-year delay in resentencing him after the Ohio Court of Appeals's remand violated his right to a speedy trial; and (3) appellate counsel performed ineffectively by "failing to assert the effectiveness of the mandate" of the Court of Appeals. He also claimed that his petition is not second or successive due to deficiencies in the trial court's resentencing order.

(Remand Order, ECF No. 9, PageID 22). The Court of Appeals determined that Jones's first claim regarding failure to properly instruct the jury was in fact a second or successive claim and it declined to authorize Jones to proceed on that claim. *Id.* at PageID 22-23.

Regarding his second and third claims, however, the circuit court found they

> appear to assert error in his resentencing after the conclusion of his original § 2254 petition, and thus their factual predicates were unavailable at that time. See *In re Jones*, 652 F.3d 603, 605 (6th Cir. 2010) (order); see also *In re Wogenstahl*, 902 F.3d 621, 626-27 (6th Cir. 2018) (order); I*n re Tibbetts,* 869 F.3d 403, 406 (6th Cir. 2017)(order). These claims may or may not hold any merit, but they are not second or successive and therefore do not require our authorization before the district court may consider them.

*Id.* The court concluded

> Because Jones's second and third claims directly challenging alleged defects in the trial court's resentencing order do not require this court's authorization, his motion for authorization is **DENIED** as unnecessary as to those claims, and this case is **REMANDED** to

2

> the district court for further proceedings not inconsistent with this order.

*Id.* at PageID 23. The circuit court does not intend to issue a mandate in its case (*Id.* at PageID 20), so its Remand Order was effective to return jurisdiction of the case to this Court.

In the Petition, Jones pleads the following grounds for relief:

> **GROUND N0: 1:** PETITIONER, TIMOTHY JONES WAS DEPRIVED OF THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL AT THE RE-SENTENCING HEARING, IN VIOLATION OF HIS SIXTH AND FOURTEENTH AMENDMENT CONSTITUTIONAL RIGHTS UNDER THE UNITED STATES CONSTITUTIONAL [sic] AS WELL AS UNDER ARTICL [sic] I, 10 & 16 of OHIO CONSTITUTIONAL RIGHTS.
>
> **GROUND NO: 2:** THE PETITIONER TIMOTHY JONES WAS DEPRIVED OF THE EFFECTIVE ASSISTANCE OF HIS APPELLATE COUNSEL IN THE COURT OF APPEALS ON HIS APPEAL.
>
> **GROUND NO: 3:** PETITIONER, TIMOTHY JONES IS ENTITLED TO HIS IMMEDIATE RELEASE FROM STATE CUSTODY RECAUSE HIS RIGHT TO SPEEDY TRIAL HAS BEEN COMPROMISED IN VIOLATION OF HIS RIGHTS UNDER THE 6th & 14th Amendment of the UNITED STATES CONSTITUTION AS WELL AS ARTICLE I, 10 & 16 of OHIO CONSTITUTION.
>
> **GROUND NO: 4:** THE PETITIONER, TIMOTHY JONES CONVICTION AND SENTENCE ARE ENTIRELY VOID WHERE HE WAS TRIED AND CONVICTED WITHOUT THE ASSISTANCE OF COUNSEL ON APPEAL AS OF RIGHTS [sic] AND NO VALID WAIVER APPEARED ON THE RECORD, IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS RIGHTS AS WELL AS ARTICLE I , 10 & 16 OF OHIO CONSTITUTIOM [sic].

(Petition, ECF No. 1).

As can be readily seen, the claims Jones presented to the Sixth Circuit are not the same claims he made in his Petition.

Ground One as pleaded in the Petition, ineffective assistance of trial counsel at re-sentencing is not one of the claims on which he sought § 2244(b) authorization, but it is an attack on the resentencing and thus comes within the logic of the Sixth Circuit decision.

Ground Two on its face does not say whether it is about the original direct appeal or the appeal from re-sentencing. If the claim is about the original appeal, it is second or successive. If it is about the appeal on re-sentencing, it comes within the Sixth Circuit's decision holding that Jones's third claim presented to them was not second or successive.

Ground Three is Jones's claim that a four-year delay in re-sentencing after the Second District ordered a re-sentencing deprived him of his right to a speedy trial. The Second District Court of Appeals remanded for resentencing on November 1, 2013, and Jones was not resentenced until 2018. Jones filed his prior habeas corpus Petition in this Court on May 6, 2015. By that time eighteen months had expired since the remand order. Jones pleaded eleven grounds for relief, but did not include denial of speedy trial/re-sentencing among them. After the Court dismissed his Petition, Jones sought relief from judgment, but not on speedy trial grounds. At no time, before or after judgment, did Jones seek to add a speedy trial/re-sentencing claim to the prior case, even though the facts giving rise to the claim were available to him when he filed the Petition and thereafter throughout the pendency of the prior case.

Nevertheless, the Sixth Circuit found "Jones's second and third claims, however, appear to assert error in his resentencing after the conclusion of his original § 2254 petition, and thus their factual predicates were unavailable at that time." Jones' speedy trial/resentencing claim is thus within the jurisdiction of this Court to decide.

Ground Four as pleaded in the Petition was not included in Jones's application for leave to proceed in the Sixth Circuit, but the analysis is parallel to that on Ground Two: if the claim is

4

ineffective assistance of appellate counsel on the original appeal, it is a second or successive claim and may not proceed here; it is concerns appeal on re-sentencing, it may proceed under the logic of the circuit court's decision.

Based on that analysis, Petitioner is ORDERED to file an amended petition not later than **June 1, 2021.** The Petition shall include all claims of constitutional error in re-sentencing which Jones wishes this Court to consider. Petitioner is reminded of Habeas Rule 2(c) which requires a petitioner to "state the supporting facts for each ground." In the case of a claim of ineffective assistance of trial counsel or ineffective assistance of appellate counsel, the Rule requires specifying what acts or omissions by the attorney Petitioner alleges constitute deficient performance and how that deficient performance prejudiced Petitioner.

Once the amended petition is filed, the Court will conduct the initial screening required by Habeas Rule 4.

May 5, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge