# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

TIMOTHY JONES,

        Petitioner,    :    Case No. 3:20-cv-485

- vs -    District Judge Michael J. Newman
    Magistrate Judge Michael R. Merz

EDWARD SHELDON, Warden,
  Mansfield Correctional Institution,

        :
        Respondent.

## ORDER FOR ANSWER

This habeas corpus case, brought *pro se* by petitioner Timothy Jones pursuant to 28 U.S.C. § 2254, is before the Court for initial review of Petitioner's Amended Petition (ECF No. 11) under Rule 4 of the Rules Governing § 2254 Cases.

When Petitioner initially filed this case, the Magistrate Judge ordered it transferred to the Sixth Circuit upon a determination that it was second or successive and required circuit court permission to proceed under 28 U.S.C. § 2244(b)(ECF No. 6). After transfer, Petitioner changed the claims as to which he sought permission and the Sixth Circuit determined it would not grant permission for challenges to the underlying conviction and Petitioner needed no permission as to claims challenging his resentencing. *In re: Timothy Jones*, Case No. 20-4284 (6th Cir. Apr. 30, 2021)(unpublished; copy at ECF No. 9). Because the claims on which the circuit court decided Jones could proceed without permission were not those he initially pleaded, the Court ordered him to file an amended petition (ECF No. 10), which he has now done.

1

**Litigation History**

Jones was indicted by the Clark County grand jury on two counts of aggravated murder in connection with the deaths of Dovon Williams and Arbrie Smith. These counts carried a firearm specification and Jones was also charged with having weapons while under a disability. A trial jury convicted him on all counts and he was sentenced to life imprisonment without possibility of parole. Jones appealed and the Second District Court of Appeals overruled his first two assignments of error, but remanded for the trial court to make appropriate findings to support running the murder sentences consecutively and to consider waiver of court costs and attorney fees. *State v. Jones,* 2013-Ohio-4820 (2nd Dist. Nov. 1, 2013), appellate jurisdiction declined, 139 Ohio St. 3d 1430 (2014)(Report and Recommendations in Case No. 3:15-cv-658, ECF No. 18 (S. D. Ohio Oct. 29, 2015), adopted ECF No. 25 (Mar. 31, 2016).

On January 29, 2015, Jones filed an Application for Reopening his direct appeal to raise claims of ineffective assistance of appellate counsel. The Second District denied reopening and Jones did not appeal to the Supreme Court of Ohio. *Id.*

Jones filed his prior habeas corpus case in this Court on May 6, 2015, pleading eleven grounds for relief (Petition, ECF No. 1, in Case No. 3:15-cv-658). As noted, District Judge Rice adopted a recommendation that the case be dismissed. *Id.* at ECF No. 25. Jones appealed but the Sixth Circuit dismissed the appeal as untimely. *Jones v. Hooks*, No. 16-3798, 2016 WL 9505989 (6th Cir. Sept. 21, 2016). Jones later filed a motion for relief from judgment (ECF No. 38). On recommendation from the undersigned, Judge Rice denied that motion (ECF No. 50). Jones appealed, but the Sixth Circuit denied him a certificate of appealabilty. *Jones v. Warden,* Case No. 17-3518 (6th Cir. Dec. 4. 2017)(copy at ECF No. 59 in Case No. 3:15-cv-658).

Jones filed the instant case on July 10, 2020 (Petition, ECF No. 1). His Amended Petition, now before the Court for initial review, pleads the following grounds for relief:

> **Ground One:** The Petitioner was deprived of the effective assistance of trial counsel in failing to object to the imposition of sentence as unduly delayed, against petitioner's wishes, in violation of the 5th, 6th, and 14th Amendments to the United States Constitution and Article I, Section[s] 10 and 16 of the Ohio Constitution.
>
> By the time the Petitioner was sentenced in 20-198, the issue of undue delay in sentence had become fully ripe. Because counsel failed to object, the petitioner was denied his constitutional rights and received a sentence he would not otherwise have received.
>
> **Ground Two.** The petitioner was deprived of the effective assistance of counsel in the court of appeals in failing to seek enforcement of the mandate of the court of appeals in violation of the Fifth, Sixth and Fourteenth amendments to the United States Constitution, as well as Article I, [§§] 10 & 16 of the Ohio Constitution.
>
> **Ground Three:** Petitioner is entitled to release from state custody because his right to fundamental and procedural due process, and right to speedy trial was infringed upon when sentence was imposed over four years after the specific mandate of resentencing and over two years after petitioner's extraordinary writ of mandamus to effectuate the same.

(Amended Petition, ECF No. 11).

Upon preliminary consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, the Court finds that it does not plainly appear from the face of the Petition and any exhibits attached thereto that the Petitioner is not entitled to relief in this Court. Accordingly, it is hereby ORDERED that Respondent shall, not later than August 7, 2021, file an answer conforming to the requirements of Rule 5 of the Rules Governing § 2254 Cases. Specifically, said answer shall respond to each allegation made in the Petition, comply with Rule 5(c) regarding transcripts, raise any affirmative defense relied on by Respondent, and state whether, from Respondent's perspective, any claim in

the Petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations.

This Order does not authorize a motion to dismiss in lieu of an answer. If Respondent wishes to obtain an adjudication of an affirmative defense apart from a decision on the merits, Respondent may file a motion for judgment on the pleadings after the answer is filed.

Before filing the answer, the Respondent shall file those portions of the state court record needed to adjudicate this case. The Court's CM/ECF Procedures Guide provides:

> 1.1 Unless permitted by these procedures or otherwise authorized by the assigned Judicial Officer or other rule, all documents submitted for filing in this District shall be electronically filed using the Case Management/Electronic Case Filing system ("CM/ECF") by converting each document into a searchable text PDF document and uploading it into CM/ECF.

(June, 2019, revision; available at www.ohsd.uscourts.gov.) Compliance with this rule is mandatory and needed for the Court's use of the record.

When the record is filed electronically, the Court's CM/ECF filing system will affix a unique PageID number to each page of the record, displayed in the upper right-hand corner of the page. All papers filed in the case thereafter by either party shall include record references to the PageID number. Prior to filing the state court record, the Warden's counsel shall ensure that any borders on parts of the record (typically, court reporter transcripts) do not obscure the PageID number when the page is filed. The record shall be indexed by insertion of "bookmarks" in the .pdf version of the state court record uploaded to the Court's CM/ECF system which display each exhibit and the name of that exhibit in the record.

As required by Fed.R.Civ.P. 5, a complete copy of the answer and state court record with the PageID numbers and "bookmarks" must be served on Petitioner at the time of filing.

Petitioner may, not later than twenty-one days after filing of the answer, file and serve a

reply to the answer.

The Clerk is ordered to serve the Petition on Respondent and the Attorney General of Ohio, Habeas Corpus Unit of the Corrections Litigation Section c/o Brian.Higgins@ohioattorneygeneral.gov and Habeas.docketclerk@ohioattorneygeneral.gov.

June 8, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge
