# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

TIMOTHY JONES,

        Petitioner,     :     Case No. 3:20-cv-485

  - vs -                                District Judge Michael J. Newman
                                      Magistrate Judge Michael R. Merz

EDWARD SHELDON, Warden,
 Mansfield Correctional Institution,

                                           :

        Respondent.

# REPORT AND RECOMMENDATIONS

       This habeas corpus case, brought *pro se* by petitioner Timothy Jones pursuant to 28 U.S.C. § 2254, is before the Court for decision on the merits of Petitioner's Amended Petition (ECF No. 11).

       When Petitioner initially filed this case, the Magistrate Judge ordered it transferred to the Sixth Circuit upon a determination that it was second or successive and required circuit court permission to proceed under 28 U.S.C. § 2244(b)(ECF No. 6).  After transfer, Petitioner changed the claims as to which he sought permission and the Sixth Circuit determined it would not grant permission for challenges to the underlying conviction and Petitioner needed no permission as to claims challenging his resentencing.  *In re: Timothy Jones*, Case No. 20-4284 (6th Cir. Apr. 30, 2021)(unpublished; copy at ECF No. 9).  Because the claims on which the circuit court decided Jones could proceed without permission were not those he initially pleaded, the Court ordered him to file an amended petition (ECF No. 10), which he has now done.

1

Upon initial review of the Amended Petition under Rule 4 of the Rules Governing § 2254 Cases, the Magistrate Judge ordered Respondent to answer and file the State Court Record (ECF No. 12). Respondent has complied that that Order (State Court Record, ECF No. 17; Return of Writ, ECF No. 18). In the same Order, the Court set a deadline for Petitioner's reply of twenty-one days after the Return was filed (ECF No. 12, PageID 36-37). The Court later reminded Petitioner that the relevant date was September 8, 2021 (ECF No. 16). That deadline has passed and Petitioner has filed no reply.

**Litigation History**

Jones was indicted by the Clark County grand jury on two counts of aggravated murder in connection with the deaths of Dovon Williams and Arbrie Smith. These counts carried a firearm specification and Jones was also charged with having weapons while under a disability. A trial jury convicted him on all counts and he was sentenced to life imprisonment without possibility of parole. Jones appealed and the Second District Court of Appeals overruled his first two assignments of error, but remanded for the trial court to make appropriate findings to support running the murder sentences consecutively and to consider waiver of court costs and attorney fees. *State v. Jones,* 2013-Ohio-4820 (2nd Dist. Nov. 1, 2013), appellate jurisdiction declined, 139 Ohio St. 3d 1430 (2014)(Report and Recommendations in Case No. 3:15-cv-658, ECF No. 18 (S. D. Ohio Oct. 29, 2015), adopted ECF No. 25 (Mar. 31, 2016).

On January 29, 2015, Jones filed an Application for Reopening his direct appeal to raise claims of ineffective assistance of appellate counsel. The Second District denied reopening and Jones did not appeal to the Supreme Court of Ohio. *Id.*

Jones filed his prior habeas corpus case in this Court on May 6, 2015, pleading eleven grounds for relief (Petition, ECF No. 1, in Case No. 3:15-cv-658). District Judge Rice adopted a recommendation that the case be dismissed. *Id.* at ECF No. 25. Jones appealed but the Sixth Circuit dismissed the appeal as untimely. *Jones v. Hooks*, No. 16-3798, 2016 WL 9505989 (6th Cir. Sept. 21, 2016). Jones later filed a motion for relief from judgment (ECF No. 38). On recommendation from the undersigned, Judge Rice denied that motion (ECF No. 50). Jones appealed, but the Sixth Circuit denied him a certificate of appealabilty. *Jones v. Warden,* Case No. 17-3518 (6th Cir. Dec. 4. 2017)(copy at ECF No. 59 in Case No. 3:15-cv-658).

Jones filed the instant case on July 10, 2020 (Petition, ECF No. 1). His Amended Petition, filed after remand from the Sixth Circuit, pleads the following grounds for relief:

> **Ground One:** The Petitioner was deprived of the effective assistance of trial counsel in failing to object to the imposition of sentence as unduly delayed, against petitioner's wishes, in violation of the 5th, 6th, and 14th Amendments to the United States Constitution and Article I, Section[s] 10 and 16 of the Ohio Constitution.
>
> By the time the Petitioner was sentenced in 20-198, the issue of undue delay in sentence had become fully ripe. Because counsel failed to object, the petitioner was denied his constitutional rights and received a sentence he would not otherwise have received.
>
> **Ground Two.** The petitioner was deprived of the effective assistance of counsel in the court of appeals in failing to seek enforcement of the mandate of the court of appeals in violation of the Fifth, Sixth and Fourteenth amendments to the United States Constitution, as well as Article I, [§§] 10 & 16 of the Ohio Constitution.
>
> **Ground Three:** Petitioner is entitled to release from state custody because his right to fundamental and procedural due process, and right to speedy trial was infringed upon when sentence was imposed over four years after the specific mandate of resentencing and over two years after petitioner's extraordinary writ of mandamus to effectuate the same.

(Amended Petition, ECF No. 11).

# Analysis

**Ground One:  Ineffective Assistance of Trial Counsel**

In his First Ground for Relief, Jones argues he received ineffective assistance of trial counsel when his attorney did not argue on remand from the Second District that the delay in re-sentencing violated his speedy trial rights and entitled him to release.

As noted above, that remand occurred November 1, 2013.  *State v. Jones,* 2013-Ohio-4820 (Ohio App. 2nd Dist. Nov. 1, 2013).  The Clark County Court of Common Pleas entered a judgment in purported compliance with the remand on January 29, 2018 (State Court Record, ECF No. 17, PageID 64).  Petitioner appealed again to the Second District.  After his appointed attorney was permitted to withdraw under *Anders v. California*, 386 U.S. 738 (1967), Petitioner filed a *pro se* brief in which he raised this ineffective assistance of trial counsel claim as his first assignment of error (State Court Record, ECF No. 17, Ex. 9).  The Second District Court of Appeals decided this claim on the merits.  *State v. Jones,* 2019-Ohio-238 (2nd Dist. Jan. 25, 2019), appellate jurisdiction declined, 155 Ohio St. 3d 1439 (2019).

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court.  28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).  Deference is also due under 28

U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. The question presented to this Court, then, is whether the Second District's decision on this claim is or is not a reasonable application of governing Supreme Court precedent.

The governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins*, 560 U.S. 370, 389 (2010), citing *Knowles v. Mirzayance*, 556 U.S.111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held: "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to overcome confidence in the outcome." 466 U.S. at 694.  See also *Darden v. Wainwright*, 477 U.S. 168, 184 (1986), citing *Strickland, supra.; Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998), citing *Strickland, supra*; *Blackburn v. Foltz,* 828 F.2d 1177, 1180 (6th Cir. 1987), quoting *Strickland*, 466 U.S. at 687. "The likelihood of a different result must be substantial, not just conceivable." *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011), quoting *Harrington v. Richter*, 562 U.S. 86, 111-12 (2011).

> In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. See *Wong v. Belmontes,* 558 U.S. 15, 27, 130 S. Ct. 383, 175 L. Ed. 2d 328 (2009) (per curiam); *Strickland*, 466 U.S., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674. Instead, *Strickland* asks whether it is "reasonably likely" the result would have been different. Id., at 696, 104 S. Ct. 2052, 80 L. Ed. 2d 674. This does not require a showing that counsel's actions "more likely than not altered the outcome," but the difference between *Strickland's* prejudice standard and a more-probable-than-not standard is slight and matters "only in the rarest case." Id., at 693, 697, 104 S. Ct. 2052, 80 L. Ed. 2d 674. The likelihood of a different result must be substantial, not just conceivable. Id., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674.

*Harrington v. Richter,* 562 U.S. 86, 111-112 (2011).

In denying relief on this claim, the Second District held trial counsel was not ineffective in failing to move to dismiss the case for delay in resentencing because such a motion would not have been meritorious:  numerous Ohio cases had held lengthier delays in resentencing did not entitled a defendant to discharge, particularly where the defendant had been imprisoned for the

entire time. Here Petitioner was sentenced to two consecutive life sentences, but would have remained in prison even if those sentences had been made to run concurrent. Judge Hall in concurrence noted that Petitioner bore substantial responsibility for the delay in that he had never even notified the Second District that their mandate had not been obeyed. During the same time, Petitioner had conducted substantial *pro se* habeas corpus proceedings in this Court and in the Sixth Circuit.

The Magistrate Judge concludes the Second District's opinion is a reasonable application of *Strickland* and therefore entitled to deference. It cannot be ineffective assistance of trial counsel to fail to file a motion that is without merit and Petitioner was not in any event prejudiced by the failure.

**Ground Two: Ineffective Assistance of Appellate Counsel**

In his Second Ground for Relief, Petitioner claims he received ineffective assistance of appellate counsel when his appellate attorney failed to seek enforcement of the mandate for resentencing. From the Petition it is clear that the appellate attorney whose conduct is in question is Robert Brenner who was counsel on the appeal from resentencing (Petition, ECF No. 1, PageID 11). The alleged deficiency in practice is Brenner's filing an *Anders* brief which Jones asserts created a structural error depriving him of his right to effective appellate counsel under the Eighth Amendment. *Id.*

Jones procedurally defaulted this Ground for Relief by failing to present it to the Ohio courts. Although Jones did raise this claim as his second proposition of law on appeal to the Supreme Court of Ohio, he has never filed an Application for Reopening the direct appeal under

Ohio R. App. P. 26(B) to raise this claim and the time within which he might have filed such an application expired on April 25, 2019, ninety days after January 25, 2019, when the Second District rendered its decision.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Barton v. Warden, S. Ohio Corr. Facility,* 786 F.3d 450, 464 (6th Cir. 2015), *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster*

8

> *County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002). These is no doubt that Ohio has a relevant procedural rule requiring 26(B) applications to be filed within ninety days of the appellate judgment. Since it has been more than two years since that deadline passed, the Magistrate Judge has no doubt the Second District would enforce the rule if Jones attempted to file now. Finally, the Sixth circuit has repeatedly held the filing deadline is an adequate and independent state ground of decision. *Parker v. Bagley,* 543 F.3d 859 (6th Cir. 2008)(noting that *Franklin* was a capital case); *Scuba v Brigano*, 527 F.3d 479, 488 (6th Cir. 2007)(distinguishing holding in capital cases); *Monzo v. Edwards*, 281 F.3d 568 (6th Cir. 2002); *Tolliver v. Sheets*, 594 F.3d 900 (6th Cir. 2010), *citing Rideau v. Russell*, 2009 WL 2586439 (6th Cir. 2009). Petitioner's Second Ground for Relief is barred by procedural default.

Alternatively, the Second Ground for Relief is without merit. As the Second District held in ruling on Petitioner's *pro se* assignments of error, the delay in re-sentencing did not violate Jones's rights under the Eighth Amendment. Jones has not suggested any way in which an attorney could possibly have changed that result.

9

**Ground Three: Failure to Timely Re-Sentence**

In his Third Ground for Relief, Jones comes to the claim which underlies his first two: trial court error in delaying more than four years to re-sentence him. The Second District decided this claim indirectly when it held it was not ineffective assistance of trial counsel to fail to raise it because it was without merit. Under Ground One, this Report analyzed that holding as a reasonable application of *Strickland*. It is also a reasonable holding under Supreme Court precedent on the merits.

The Sixth Amendment speedy trial guarantee does not apply once a defendant has been found guilty at trial or has pleaded guilty. *Betterman v. Montana,* 578 U.S. 968, 136 S.Ct. 1609 (2016). In *Betterman*, the Supreme Court found "it would be an unjustified windfall to remedy sentencing delay by vacating validly obtained convictions." 136 S. Ct. at 1615. That is at least doubly so in a resentencing where the question is whether two life sentences shall be served consecutively or concurrently. The Court suggested that the "more pliable standard" of the Due Process Clause might support relief from delay in initial sentencing, but made no holding at all on delay in resentencing.

Petitioner has not suggested any way in which the Second District's decision of this claim is contrary to or an objectively unreasonable application of any relevant Supreme Court precedent. His Third Ground for Relief should therefore be dismissed.

Conclusion

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the

10

Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

September 20, 2021.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.

.