**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

TIMOTHY JONES,

Petitioner, : Case No. 3:20-cv-485

- vs -

District Judge Michael J. Newman
Magistrate Judge Michael R. Merz

EDWARD SHELDON, Warden,
Mansfield Correctional Institution,

:

Respondent.

# REPORT AND RECOMMENDATION

This case is before the Court on Petitioner's Motion for Relief from Judgment (ECF No. 26).

This case was originally filed in the Northern District of Ohio in July 2020, and transferred to this District in December (ECF Nos. 1, 4). Upon transfer, this Court determined it was a second or successive Petition which required prior permission from the Sixth Circuit to proceed (ECF No. 6). Upon transfer, the Sixth Circuit declined permission for a second or successive petition to challenge the conviction or sentence, but found no permission was needed to challenge asserted errors on re-sentencing. *In re Timothy Jones,* Case No. 20-4284 (6th Cir. Apr. 30, 2021)(unpublished; copy at ECF No. 9).

Upon remand the Magistrate Judge ordered an amended petition that would come within the parameters the Sixth Circuit's conclusions (ECF No. 10). Jones filed an Amended Petition on June 4, 2021 (ECF No. 11) and the Respondent filed the State Court Record and a Return of Writ

(ECF Nos. 17, 18).

In the Order for Answer, the Court had set a deadline for filing a reply of twenty-one days after the filing of the Answer (ECF No. 12, PageID 36). As soon as the Answer was filed, the Court reminded Petitioner that that deadline was September 8, 2021 (ECF No. 19). Petitioner did not file a reply, nor did he seek any extension of time in which to do so. On September 20, 2021, the Magistrate Judge filed a Report recommending dismissal on the merits (ECF No. 20). Petitioner filed no objections and District Judge Newman adopted the Report and dismissed the Petition with prejudice on October 18, 2021(ECF No. 21).

On November 29, 2021, the Clerk received and docketed Petitioner's Motion for Extension of Time to file objections to the Report (ECF No. 23). Objections to the Report had been due by October 7, 2021, seventeen days after they were filed and served. Petitioner claims he filed his Motion for Extension by depositing it in the mail on November 5, 2021, but he offers no corroboration of that claim and the postmark on the envelope is not readable (ECF No. 23, PageID 335). Even accepting Petitioner's representations about mailing, he was more than a month late. He claims he never received the Report, but he obviously knew it had been filed.

On the same day the Motion for Extension was received and docketed, the Magistrate Judge denied it for lack of any authority to extend the time to file a motion to amend the judgment (ECF No. 25). In the same Order, the Magistrate Judge directed the Clerk to send Petitioner a copy of the Report and to document the fact of mailing by scanning the envelope. *Id.* at PageID 338. The Clerk complied with that Order (Notice, ECF No. 25).

Although the requested extension of time was denied, it also provided:

> Petitioner may move the Court for Relief from judgment under Fed.R.Civ.P. 60(b) within the time allowed by that Rule. If Petitioner files such a motion, he may include any objections he has to the Report on the merits and any facts on which he relies

> supporting relief, including facts about non-receipt of the Report. Any such motion shall be accompanied by an affidavit or declaration under penalty of perjury regarding the facts alleged in the motion.

(Decision and Order, ECF No. 24, PageID 338).

Petitioner's Rule 60(b) Motion now before the Court was received February 14, 2022, although it was allegedly mailed February 6, 2022 (ECF No. 26, PageID 357). Although it was filed February 6, 2022 (accepting Petitioner's mailing date), 122 days after objections were due, it still contains no substantive objections to the Report. Instead, admitting that he has now received the Report, Petitioner says he now "can forge the reply if this court will allow." *Id.* at PageID 356. Instead of any substantive objections, Petitioner recites a now-familiar litany of complaints about prison mail policy. Also notably missing from the Motion are any facts about non-receipt of the Report. Finally, the Motion does not contain an "affidavit or declaration under penalty of perjury regarding the facts alleged in the motion."

Petitioner's Motion for Relief from Judgment fails utterly to comply with the conditions set by this Court for granting such relief. In addition it does not, independently of those conditions, show any entitlement to relief from judgment. The Motion should therefore be denied.

The Clerk shall docket the mailing of this Report and document the mailing by scanning and docketing the envelope in which it is mailed.

February 16, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #